# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| **Argus Health Systems, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **10-00187-CV-W-JTM** |
| **Benecard Services, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## Order

On July 12, 2010, the Court entered a Scheduling and Jury Trial Order [Doc. 16] in this case. Thereafter, on September 15, 2010, January 24, 2011, and April 21, 2011, the Court entered orders [Docs. 24, 32, 62] extending the scheduling order deadlines. Pursuant to the final[1] Scheduling and Jury Trial Order, expert witnesses offering testimony for the purpose of defending against an affirmative claim of relief were to be disclosed on or before March 1, 2011, and *Daubert* motions challenging expert witness testimony were due to be filed with the Court on or before July 8, 2011. On March 3, 2011 – two days after the deadline set by the Court – Benecard designated as an expert witness in this case, Susan A. Hayes. Thereafter on July 8, 2011, Argus filed a timely motion [Doc. 71] to exclude Hayes' expert testimony.

In its motion, Argus initially identified three opinions that Hayes intended to proffer that it found improper:

---

[1] On June 29, 2011, the Court denied another effort by the parties to extend the scheduling order deadlines [Doc. 70].

> (1) Hayes' opinion that it was the ususal and customary practice in the pharmacy claims industry for Pharmacy Benefits Managers (like Argus) to respond to client complaints regarding claims processing errors in an expedient manner.
>
> (2) Improper claims payments can have enormous financial impact and can only be resolved through an independent audit of the claims payments.
>
> (3) It is an egregious breach of usual industry standards for a Pharmacy Benefits Manager (like Argus) to dramatically increase claim payments charges when the client notifies the Pharmacy Benefits Manager that it is terminating the relationship.

After reviewing the parties briefing on the issue, it is clear that there is considerable disagreement as to exactly what Hayes will be asked to testify about. As such, a ruling from the Court on the propriety of her testimony – based on the record before the Court – is impracticable. Nonetheless, the Court would make some general preliminary [2] observations in an effort to provide some guidance to the parties prior to trial.

---

[2] The Court is mindful of its role as a "gatekeeper" when it comes to introduction of expert testimony and takes that obligation seriously. To that end, as the trial progresses in this case and more information is gleaned about the case and the varying expert opinions, the Court may consider some modifications to the interlocutory rulings set out herein. However, counsel are reminded that when expert testimony is involved there is a difference between evidence that is so patently deficient that the jury should not hear it and evidence that is merely suspect, weak, doubtful, or biased. As noted by the Supreme Court:

> [I]n this regard respondent seems to us to be overly pessimistic about the capabilities of the jury and of the adversary system generally. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 2798 (1993).

Hayes has minimally sufficient qualifications to testify about the usual and customary practices in the pharmacy claims industry.  To the extent that Argus believes those qualifications are wanting, it may explore the matter during the cross-examination of Hayes.  Moreover, if Argus is claiming that certain matters of testimony regarding industry custom are legally irrelevant because the specific matter is governed by the written agreements between the parties or prior course of business between the parties, those objections will have to be taken up at trial as they arise.  Furthermore, the Court is unlikely to allow any expert to testify that a party has breached (or has egregiously breached) industry standards.  An expert may testify as to what the standards are – the factfinder can then determine whether a party's conduct satisfied those standards.  In addition, the Court has grave doubts that any expert should be allowed to offer an "opinion" that improper claims processing can have a financial impact (or an enormous financial impact) on a company.  Such an observation seems well within the ability of a lay juror to comprehend and understand without the intrusion of an expert.

One additional matter needs to be addressed.  After Argus filed its *Daubert* motion and the motion was fully briefed, Benecard filed two "supplemental" reports from Hayes – one on August 25, 2011, and another on September 27, 2011.  Not surprisingly, Argus objects to both reports.  Although Argus has not titled its objection as a motion to strike, the Court will treat it as such.  Benecard responds to Argus' objections by arguing that supplementation is permitted by the Federal Rules of Civil Procedure, the supplements were filed well before trial, the supplements are timely under FED. R. CIV. P. 26, Argus is not prejudiced by the supplements, and Argus has not sought to depose Hayes.

3

The key question to be decided initially is whether the two amended reports from Hayes are indeed "supplements" as envisioned by the Federal Rules of Civil Procedure. The deadline set by the Court for filing expert disclosures had passed by the time Benecard filed the supplemental reports and, as such, a truly new expert opinion would be untimely and subject to exclusion. The Court does not believe that a duty to supplement provides a mechanism for attorneys and experts to essentially "hide the ball" regarding an expert's opinions until the last possible moment or to procrastinate in having an expert complete an examination into and testing for a case.

In this litigation, Hayes' initial report noted that a forensic audit needed to be conducted in order to determine the amount, if any, of improper claims payments made by Argus while it was processing pharmacy claims for Benecard. Since the issuance of that initial report, Hayes' company apparently has undertaken to do some spot testing in four areas of the claims processing done by Argus. As a result of this testing, Hayes has added an opinion that this limited testing reveals the financial magnitude of errors allegedly committed by Argus. This work undertaken by Hayes is far different than the expert who simply updates an earlier report based on medical diagnoses made after an initial expert report or additional damages incurred after the initial expert report. Nonetheless, the Court will not outright strike Hayes' supplemental reports. However, the Court will only allow Hayes to testify to the additional matters (testing and opinions) set out in her new reports to the extent that Benecard can establish that the data and information necessary for any new opinions were not available when Hayes prepared her initial expert report. *Compare O'Connor v. Boeing North American, Inc.*, 2005 WL 6035243, op. at * 7 (C.D. Cal. Sept. 12, 2005) (disallowing two supplemental expert reports

because "the new opinions appear based on information that was available to these experts at the time of their initial Rule 26 disclosures"). That does not mean showing that Hayes' test results were not available at the time of the initial report, but rather that Hayes could not have timely done the tests prior to her initial report because the facts or data necessary to conduct the tests were not available to Benecard prior to Hayes' initial report.

For the foregoing reasons, it is

**ORDERED** that *Plaintiff's Motion To Exclude Defendant's Proposed Expert*, filed July 8, 2011 [Doc. 71] is **DENIED** to the extent outlined in this Order and without prejudice to the reassertion of the motion with regard to specific opinions at trial of this matter.

 /s/ John T. Maughmer  
 **JOHN T. MAUGHMER**
 **U. S. MAGISTRATE JUDGE**